IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-347-XR |
| | § | |
| BENJAMIN H. GUERRERO a/k/a | § | |
| BENJAMIN GEURRERO individually, and | § | |
| d/b/a LORENITA'S MEXICAN | § | |
| RESTAURANT AND CANTINA a/k/a | § | |
| LORENITA'S RESTAURANT AND | § | |
| CANTINA, | § | |
| | | |
| *Defendant*. | | |

## ORDER ON COSTS

On this date, the Court considered J&J Sports Productions, Inc.'s ("J&J") Bill of Costs (docket no. 14).  Because J&J was the "prevailing party," the Court awarded costs to J&J pursuant to Rule 54(d) and 47 U.S.C. § 605.  J&J seeks a total award of $1,120.00 in costs: $400.00 for its filing fee, $95.00 for service of process, and $625.00 for investigative expenses.

Federal Rule of Civil Procedure 54(d) provides that costs "shall be allowed as of course to the prevailing party."  Section 605 states that "[t]he court . . . shall direct the recovery of *full costs*, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605 (2006) (emphasis added).  Courts disagree about the meaning of "full costs" under the statute.  *Compare United Features Syndicate, Inc. v. Spree, Inc.*, 600 F. Supp. 1242 (E.D. Mich. 1984) (declining to award investigation expenses), *with Kingvision*

1

*Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59 (E.D.N.Y. 2006) (concluding that "full costs" under § 605 included investigation expenses).

First, it is undisputed that under the "full costs" language of § 605, courts must award a prevailing party the costs allowed under 28 U.S.C. § 1920 (the general rule governing costs). *DirecTV, LLC v. Ertem*, Civ. Ac. No. 13-487, 2015 WL 459398, at *4 (E.D. La. Feb. 3, 2015) (citing *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001)). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920 (2012).

J&J seeks $400 for filing fees, which are allowed as fees of the clerk. J&J also seeks $95.00 for service of process. While this Court has held that private process service fees are recoverable as costs, it is this Court's practice to limit the amount to that charged by the Marshal because the statute does not specifically authorize fees for service of process but

instead refers to "fees of the marshal." Therefore, the $95.00 request is reduced to $65.00, the fee charged by the Marshal for service of process.

Second, courts are split as to whether § 605 permits parties to recover costs associated with investigation of the case. *Compare United Features*, 600 F. Supp. at 1244, *with Kingvision*, 426 F. Supp. 2d at 61. No Fifth Circuit case has examined the issue. However, the majority of trial courts who have made the inquiry have awarded reasonable investigative fees. *See, e.g.*, *J&J Sports Productions, Inc. v. Brazilian Paradise, LLC*, 789 F. Supp. 2d 669, 677 (D.S.C. 2011); *J&J Sports Prods. v. Maria's Kitchen, Inc.*, 2011 U.S. Dist. LEXIS 83312 at *13 (D. Mass. 2011); *Kingvision*, 426 F.Supp.2d at 61; *Comcast of the S. v. McCullar*, 2006 WL 1663598 at *7 (E.D. Tenn. 2006); *Csc Holdings v. J.R.C. Prods.*, 158 F. Supp. 2d 899, 905 (N.D. Ill. 2001). This Court finds these cases persuasive.

J&J seeks $625.00 for investigative expenses. This Court finds that this amount is reasonable and the Court will allow J&J to recover this amount.

In sum, $1,090.00 in costs are awarded to J&J as follows:

(1) $400.00 filing fee

(2) $65.00 for service of summons

(3) $625.00 for investigative costs

It is so ORDERED.

SIGNED this 13th day of November, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE